{¶ 30} I respectfully dissent from the Majority Opinion. This is not one of those "special situations" envisioned by the Ohio Supreme Court in Biddle v. Warren Gen. Hosp.[1] Plaintiff Biddle sued the hospital for unauthorized disclosure of her medical information. The disclosure was induced by the hospital's law firm. The hospital's law firm attempted to collect from the Social Security Administration monies Biddle owed to the hospital, assuming she was eligible. It was uncontested that Biddle owed the hospital money for services it rendered her. The hospital agreed to send her medical information to the law firm. Biddle argued that she did not consent to this disclosure, and the hospital had violated the privilege of confidentiality between it *Page 13 
and her. The Ohio Supreme Court agreed and held a hospital could be held liable for the unauthorized disclosure of its patients' medical information.
 {¶ 31} The Ohio Supreme Court also held that the doctor-patient privilege was not absolute; moreover, it held that it is the patient's right to determine who should have access to her medical records. Here, the plaintiff, a patient of the defendant-doctor, seeks to have disclosed the medical records of the defendant-doctor's other patients' who have not consented to this disclosure and are not a party to her lawsuit. This case and others[2] seek to broaden Biddle `s holding to apply in any case where disclosure is sought to aid a private lawsuit against a doctor who has been accused of malpractice. Richards v.Kerlakian[3] is a case similar to this one where the plaintiff-patient sued a doctor for breach of a professional duty. I believe thatRichards is overreaching and misapplies Biddle.
 {¶ 32} The Biddle court used the balancing of "countervailing interest" test to determine whether a patient's medical records can be disclosed to a third party. In order for Biddle to apply here, the plaintiff-patient's interest in disclosure must oppose forcefully the interest of the nonparty patient's interest against disclosure and protected privacy. This being said, I believe that before a trial court may apply *Page 14 
this balancing test, the trial court and this court must define specially what the plaintiff-patient's interest is. This has not been done in this case.
 {¶ 33} In Biddle, the Ohio Supreme Court sought to warn the medical profession and its lawyers that the unauthorized disclosure of confidential medical information will be guarded with the utmost scrutiny. The decisions in this case, Richards, and Fair are the unintended consequences of Biddle's well meaning principle of law.
 {¶ 34} In fact, the Majority Opinion has joined the more relaxed understanding of Biddle and found a judicially created right of injured patients to obtain non-party patients' privileged confidential medical information to punish a wrong inflicted by the patient's doctor. This "super attorney general" concept, designed to personally vindicate a party-patient's welfare, was not sanctioned in Biddle. There are remedies against the wrongdoer doctor that could be used, which would not destroy the nonparty patients' privacy, such as, a complaint to the medical board to revoke the doctor's license for using a medical procedure for his economic gain, or a grand jury investigation for potential criminal charges against the doctor.
 {¶ 35} Assuming our dicta in Med. Mut. Of Ohio v. Schlotterer
(suggesting that the "countervailing interest" permits disclosure when the welfare of patients are at interest) and Richards (patient's right against wrongdoer doctors) are correct and apply in this case, the trial court has not sufficiently protected the identity of the nonparty patients. *Page 15 
 {¶ 36} The trial court ordered as follows:
 "Motion to compel and motion for expenses (filed March 5, 2007) is granted in part and denied in part. Motion to compel is granted. Dr. Halabi is to submit to deposition by plaintiff regarding questions of income and finances. Deposition transcript to be sealed by order of the court and subject to disclosure only by further order of the court in connection with trial. Plaintiff's motion for expenses is denied."
 {¶ 37} In other cases, the court has permitted the discovery of similar confidential documents, but ordered the patients' names, addresses, and social security numbers redacted. This allows for the patients' identities to be sufficiently concealed. Here, the court did not order redaction. Although the court ordered the deposition of the defendant-doctor to be sealed, at that point, the information has already been disclosed to opposing counsel, which would violate the patients' rights to have their matters kept confidential. Consequently, I would reverse.
[1] 86 Ohio St.3d 395, 1999-Ohio-115.
[2] Richards v. Kerlakian 162 Ohio App.3d, 823, 2005-Ohio-4414;Fair v. St. Elizabeth Med. Ctr. (2000), 136 Ohio App.3d 522.
[3] Supra. *Page 1